IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO PEREZ,

    Plaintiff,                  No. CIV S-06-1209 RRB GGH P

  vs.

D.L. RUNNELS, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the amended complaint filed April 2, 2007.

    Pending before the court is defendants' October 4, 2007, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  The motion to dismiss is made on behalf of all defendants but for defendant Rohlfing for whom service has not yet been completed.  For the following reasons, the court recommends that defendants' motion be granted.

/////

/////

/////

1

II. Background

The defendants are Runnels, Furtado, Alexander, Holmes, Norton, Nichols, Lucas, Stovall, Wright, Peddicord, Wong, Gonzalez and Lewis.

Plaintiff alleges that on May 31, 2005, defendant Furtado came to his cell and told him that he would have to leave because his cellmate was not compatible with him. After handcuffing plaintiff, defendant Furtado told plaintiff to step out of his cell. Defendant Furtado then told plaintiff that defendant Wright wanted to talk to him in his office. Defendant Wright told plaintiff that the Warden ordered him to force plaintiff and his cellmate back into the cell. Plaintiff was then placed in a holding cage.

Some time later, defendant Lewis came to the holding cell and told plaintiff to cuff up. Defendant Norton put the handcuffs on while defendant Alexander assisted.

Plaintiff was then transported to his section by defendants Lewis, Norton, Alexander, Lucas, Gonzales and Stovall. During the escort, defendant Alexander began twisting plaintiff's thumbs causing him to suffer great pain. When plaintiff asked defendant Alexander to stop, he twisted harder.

Once they arrived at plaintiff's cell, defendant Lewis told plaintiff to stop, although the complaint does not state what plaintiff was doing. When plaintiff did not stop, defendant Lewis pepper sprayed plaintiff. Plaintiff was again placed in handcuffs and taken to the showers.

As plaintiff was taken to the showers, defendant Alexander twisted plaintiff's hands again. Plaintiff screamed in pain. The other defendants helped defendant Alexander by pulling the triangle chain on the handcuffs. As plaintiff entered the shower, defendant Lewis hit plaintiff with a baton across his shoulder and chest. Plaintiff did not receive adequate medical care from defendant Stovall, a medical officer, for his injuries.

After this incident, plaintiff was put on management control status by defendants Wright, Peddicord, Wong, Runels and Lewis. Plaintiff was forced to sleep on the floor without a

mattress for eleven days. He was denied toilet paper, toothbrush, soap, tooth powder, spoon, cleaning supplies, t-shirt, laundry, pens and shoes.

III. Discussion

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

The administrative grievance procedures for disability related complaints, like plaintiff's, are a bit different than those for non-disability related complaints. Inmates with disabilities are required to complete a CDC 1824 form. Cal. Code Regs. tit. 15, § 3085(a). The inmate shall then forward it to the appeals coordinator's office. Id. If the form meets the screening criteria set forth in Cal. Code Regs. tit. 15, § 3084.3, the form is logged in the appeals log with the status of first level review. Id. If the inmate is dissatisfied with the decision, he may appeal to the second level of review by attaching the original 1824 form. Id., subsection (b). If the inmate is dissatisfied with the second level of review, he may appeal to the third level of review. Id., subsection (c).

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely

1 exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be
2 brought with respect to prison conditions *until* such administrative remedies as are available are
3 exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

4       In Woodford v. Ngo, 126 S. Ct. 2378 (2006), the Supreme Court held that a
5 prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise
6 procedurally defective administrative grievance or appeal.

7       Following the incidents described in the complaint, plaintiff was charged with a
8 rules violation, obstructing a peace officer, of which he was found guilty. Motion to Dismiss,
9 Exhibit A. On July 31, 2005, plaintiff filed administrative appeal no. 05-2506 challenging both
10 the disciplinary conviction and the issues raised in the instant action. Id. On September 21,
11 2005, this appeal was granted in part and denied in part at the second level of review. Id. On
12 January 3, 2006, an amended second level response was issued. Id. The appeal rejected
13 plaintiff's claims raised in this action for the following reasons:

> A review of this issue reveals that the inmate has included allegations of staff misconduct and property issues with his appeal concerning RVR log # ASUZ-05-05-0030. Per Administrative Bulletin 98/10, inmate may not combine allegations of staff misconduct with other appealable issues. The HDSP Use of Force Committee has already reviewed the incident, and the inmate has not presented any new information or evidence regarding this incident. Therefore, the Chief Deputy Warden has determined that this appeal does not warrant processing as a staff complaint. In addition, it is noted that the incident that the inmate alleges staff used excessive and unnecessary force occurred on May 3, 12005, and the inmate did not write his appeal until July 31, 2005. Therefore, the inmate violated time constraints to appeal this incident. Also, the inmate's allegations that staff liability resulted in the loss of his personal canteen is both unsupported and in violations of time constraints per CCR Title 15 section 3084.6(c), and therefore will not be addressed in this appeal response. The only issue that will be addressed in this appeal response will be the allegations directly related to RVR log # ASUZ-05-05-0030.

23 Id.

24       Plaintiff filed a Director's Level Appeal of this decision which canceled the
25 appeal noting that the rules violation report had been vacated. Id.
26 /////

4

Defendants argue that plaintiff failed to exhaust administrative remedies because the portion of appeal no. 05-2506 raising the issues raised in the instant action was denied as untimely.

In his opposition, plaintiff contends that on June 2, 2005, he submitted an administrative appeal regarding the issue raised in this action which Appeals Coordinator Wagner would not process. Plaintiff claims that he submitted another administrative appeal on June 10, 2005, regarding the issues raised in this action which Appeals Coordinator Wagner rejected as well. Plaintiff alleges that he then submitted an administrative appeal complaining that Appeals Coordinator Wagner would not process his appeals. On June 15, 2005, plaintiff alleges that he submitted the appeal that became no. 05-2506. Plaintiff alleges that he forgot to write the date on the appeal, but he is sure that he submitted it on June 15, 2005. Plaintiff claims that Appeals Coordinator Wagner wrote in the July 31, 2005, date so that the appeal would appear late.

The court has compared plaintiff's signature on appeal no. 05-2506 with the handwritten date next to it. Motion to Dismiss, Exhibit A. The handwriting of the signature and the date are the same. Id. For this reason, the court finds that plaintiff's claim that he forgot to date this appeal and that Appeals Coordinator Wagner wrote in the date to be incredible. The court also finds plaintiff's claims that he submitted earlier appeals that Appeals Coordinator Wagner rejected to be unsupported. Other than his own conclusory assertion, plaintiff offers no evidence to support this claim. Accordingly, the court finds that appeal no. 05-2506 did not exhaust plaintiff's administrative remedies because the portion of this appeal raising the claims raised in this action was denied as untimely. Woodford v. Ngo, 126 S. Ct. 2378 (2006).

Plaintiff filed another administrative appeal, no. 05-2417, in which he challenged the procedures of his related disciplinary conviction. Motion to Dismiss, Exhibit B. This appeal did not raise the claims raised in the instant action. For this reason, appeal no. 05-2417 did not exhaust plaintiff's administrative remedies.

1  For the reasons discussed above, the court recommends that defendants' motion
2  be granted.
3  Accordingly, IT IS HEREBY RECOMMENDED that defendants' October 4,
4  2007, motion to dismiss for failure to exhaust administrative remedies be granted.
5  These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: 04/14/08

14  /s/ Gregory G. Hollows

15  UNITED STATES MAGISTRATE JUDGE

17 per 1209.mtd